**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2843-18T4

STATE OF NEW JERSEY,

     Plaintiff,

v.

DANIEL ALEXANDER LEVINE,

     Defendant-Respondent.

_____

COUNTY OF MIDDLESEX,

     Appellant.

_____

Submitted May 11, 2020 – Decided May 26, 2020

Before Judges Sabatino and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 32-2018.

Thomas F. Kelso, Middlesex County Counsel, attorney for appellant (Alessandra Baldini, Deputy County Counsel, on the brief).

Respondent has not filed a brief.

PER CURIAM

The County of Middlesex appeals from a March 5, 2019 Law Division order denying its motion for reconsideration of an October 9, 2018 order compelling the County to pay the cost of the transcript of the municipal court proceeding in which defendant Daniel Alexander Levine was convicted by the municipal court of an illegal right turn on red, in violation of N.J.S.A. 39:4-115(b). Levine ordered to pay a $56 fine and $33 in costs.

Levine appealed the conviction to the Law Division and sought to be declared indigent so that the transcript of the municipal court proceeding could be prepared at public expense. He submitted a certification of his financial condition with attached exhibits that included bank statements, vehicle lease agreement, and a California court order.

The Law Division issued an August 3, 2018 order allowing Levine to proceed as an indigent and waiving filing fees but denying a transcript at public expense and appointment of counsel. The County was not served with the motion papers or otherwise given notice of the motion.

The municipal court offered to provide Levine with tape recordings of the municipal court proceedings and stayed the sentence. Levine declined to accept the tape recordings in lieu of a transcript.

2

A-2843-18T4

Levine then submitted a certification in support of a fee waiver to the Law Division that contained financial information that materially differed from that previously submitted. Once again, Levine did not serve the County with the application. The Law Division issued an October 9, 2018 order compelling the County to pay the cost of the municipal court transcripts. The record contains no indication that the August 3, 2018 order was vacated or modified.

On November 27, 2018, the County received an invoice for $435.48 for the cost of preparing the transcripts of the three municipal court hearings. The County moved to reconsider the October 9, 2018 order compelling it to pay the cost of the municipal court transcripts. The Law Division judge denied reconsideration and reiterated that the County shall pay the cost of the municipal court transcripts.

In his written statement of reasons, the judge noted that the documents setting forth Levine's financial information were at times confusing. Levine's submissions indicated Levine had been declared indigent by a California court, received Medi-Cal free or low-cost health benefits in California, and had minimal bank account balances. The California court ordered that transcript costs would be waived for any appeals filed by Levine.

3                                                                    A-2843-18T4

The Law Division judge found Levine was self-employed, earning no more than $500 per month. Yet he owned a home in Colts Neck that he valued at only $50,000 and stocks and bonds worth between $30,000 and $50,000. The judge also found Levine has a judgment against him for $44,000, debts totaling more than $25,000, and owes personal loans of about $10,000. Based on these circumstances, the judge found Levine indigent.

The Law Division judge rejected the County's argument that transcripts aa public expense should only be ordered when the defendant is indigent and faces a consequence of magnitude. The judge distinguished Rule 3:23-8(a)(4), which provides for assignment of counsel to indigent defendants "if the sentence imposed constitutes a consequence of magnitude," noting that subsection (3) omitted the "consequence of magnitude" requirement. He found subsection (3) afforded "broad discretion to the court to decide whether a defendant is entitled to a transcript at public expense." The judge acknowledged, however, that whether the defendant faced a consequence of magnitude "would be a key, if not controlling factor."

The judge concluded that "it would be unfair to require Levine to pay for the already-prepared transcript" because he was "teetering on insolvency." This appeal followed.

 A-2843-18T4

The County raises the following points for our consideration:

I. THE LAW DIVISION'S ORDER CONSTITUTES AN ABUSE OF POWER BECAUSE IT GRANTED TRANSCRIPTS AT COUNTY EXPENSE BASED ON THE REASONING THAT HAVING THE DEFENDANT PAY FOR THE ALREADY-PREPARED TRANSCRIPTS WOULD BE UNFAIR TO THE DEFENDANT.

II. THE LAW DIVISION ERRED IN GRANTING DEFENDANT'S MOTION FOR FREE TRANCRIPTS BECAUSE WHILE SOME TRAFFIC OFFENSES ARE GENERALLY CONSIDERED QUASI-CRIMINAL ACTIONS, HERE, THE PENALTIES ASSESSED ARE PURELY MONETARY AND HAVE NO CRIMINAL IMPLICATIONS, THUS RENDERING DEFENDANT INELIGIBLE FOR TRANSCRIPTS AT COUNTY EXPENSE.

A. DEFENDANT HAS NOT SUFFERED A DEPRIVATION OF A FUNDAMENTAL HUMAN RIGHT AND THEREFORE TRANSCRIPTS SHOULD NOT HAVE BEEN GRANTED AT COUNTY EXPENSE.

B. DEFENDANT IS NOT ENTITLED TO TRANSCRIPTS PRODUCED AT PUBLIC EXPENSE PURSUANT TO THE COURT RULES AND AWARDING SAME AS A MATTER OF JUDICIAL DISCRETION IS CONTRARY TO LEGAL AUTHORITY.

C. THE LAW DIVISION ERRED IN FAILING TO DETERMINE WHETHER THE FULL TRANSCRIPT OF THE MUNICIPAL PROCEEDINGS ON THREE DIFFERENT

5

DAYS WAS NECESSARY FOR DEFENDANT'S APPEAL.

III. THE LAW DIVISION ERRED IN DETERMINING DEFENDANT WAS INDIGENT AND THEREFORE, ERRED IN GRANTING DEFENDANT'S MOTION FOR TRANSCRIPTS PRODUCED AT COUNTY EXPENSE.

We preface our analysis by noting the County was not required to meet the procedural requirements for motions for reconsideration imposed by Rule 4:49-2 since it had no notice of Levine's indigency application.

Levine was charged with a minor traffic offense. He was sentenced to fines and costs totaling only $89. He was not sentenced to jail time and his driving privileges were not suspended. By any measure, his sentence did not constitute a consequence of magnitude.

We recognize that Rule 2:5-3(d) provides that a court "may" order that transcripts be provided "at the county's expense" to an indigent defendant "if the appeal involves prosecution for violation of statute." See also Rule 3:23-8(a)(3). We review a decision ordering the provision of transcripts at public expense for abuse of discretion.

An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

The Law Division judge misapplied his discretion by basing his decision, in part, on Levine's eligibility for Medi-Cal benefits and the California court's indigency finding, rather than on Levine's current financial status under our State's indigency standard. The judge failed to apply the definition of indigency set forth in Administrative Directive No. 3-17, "Fee Waivers Based on Indigence" (Mar. 23, 2018), which provides that fees may be waived "'by reason of poverty' for litigants "(a) whose household income does not exceed 150% of the federal poverty level (with that level based on the number of members of the individual's household) and (b) who have no more than $2500 in liquid assets, subject to completion of a uniform fee waiver request form." The requirements are in the conjunctive; the litigant must meet both prongs of the test to be declared indigent. Here, Levine reported that he owns stocks and bonds valued at between $30,000 and $50,000. Levine clearly did not satisfy the second prong.

We reverse the March 5, 2019 order and remand for entry of a corrective order holding defendant responsible for the cost of the transcripts.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-2843-18T4